IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billie Jean Johnson Todd,<br>o/b/o Joseph D. Johnson,<br><br>           Plaintiff,<br>v.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | C/A No.: 8:07-3557-JFA-BHH<br><br><br><br><br>**ORDER** |

This is an action brought by the plaintiff, Billie Jean Johnson Todd,[1] on behalf of her son, Joseph D. Johnson, pursuant to section 205(g) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration denying her son's claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

The Magistrate Judge assigned to this action[2] has prepared a Report and

---

[1] Although Mrs. Todd is the claimant, and her son Joseph Johnson is deceased, the court will refer to the him as the plaintiff.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remanded to the Commissioner for an award of DIB benefits.

In the Report and Recommendation, the Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence as stated by the plaintiff and the standards of law. This court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation. Although the plaintiff did not file objections, the Commissioner filed a notice stating that he would not file objections to the Report. Thus, it appears the matter is ripe for review by this court.

## BACKGROUND

The plaintiff was 37 years old at the time he applied for DIB and SSI and 40 years old on the date of his death. He had a high school education and past relevant work experience as a restaurant manager, produce associate, and frozen food stocker. He alleges that he was disabled since November 15, 2000 due to fibromyalgia, chronic fatigue, Hepatitis B, migraine headaches, depression, and anxiety.

The plaintiff filed applications for DIB and SSI on January 4, 2002. His applications were denied initially and upon reconsideration. Before an Administrative Law Judge could hear his case, the plaintiff died on July 22, 2004 as a result of a narcotics overdose. The plaintiff's mother, Billie Jean Johnson Todd, was substituted as the claimant.

A hearing was held on August 23, 2004 at which Mrs. Todd, her attorney, and a vocational expert were present. The ALJ found that Mr. Johnson was not under a disability. The Appeals Council dismissed plaintiff's request to review the SSI portion of his claim, but remanded the DIB portion of his claim for further evaluation.

On July 19, 2006, another hearing was held before the ALJ who again found that the plaintiff was not disabled. The Appeals Council adopted the ALJ's decision as final.

The plaintiff filed this action on October 29, 2007.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 217); see, *e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial

evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## THE ALJ'S FINDINGS

In making his determination that the plaintiff is not entitled to benefits, the ALJ made the following findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2003, but not thereafter.

(2) The claimant has not engaged in substantial gainful activity since November 15, 2000, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).

(3) The claimant has the following severe impairments: post traumatic stress disorder (PTSD), major depressive disorder, anxiety, personality disorder, hepatitis B, chronic fatigue syndrome, fibromyalgia and substance abuse (20 CFR 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally, 10 pounds frequently with restrictions which required routine, repetitive tasks

      involving simple 1-2 step instructions, as in unskilled work and no public contact.

(6)     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7)     The claimant was born on June 16, 1964, and was 35 years old on the alleged disability onset date, which is defined as a younger individual age 18-44. The claimant died on July 22, 2004, and was age 40, which is defined as a younger individual. (20 CFR 404.1563 and 416.963).

(8)     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9)     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10)     Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), 416.966).

(11)     The claimant has not been under a "disability," as defined in the Social Security Act, from November 15, 2000, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## DISCUSSION

The plaintiff contends that the ALJ erred in finding him not disabled. Specifically, the plaintiff argues that the ALJ erred in (1) failing to give "controlling weight" to the plaintiff's treating physician; (2) failing to properly evaluate the plaintiff's credibility; (3) giving controlling weight to a non-treating psychologist's opinion; (4) failing to consider the mental requirements of the plaintiff's ability to perform any kind of work on a sustained

5

basis; and (5) concluding that the plaintiff was a drug abuser.

For eighteen years, Dr. Willie Moseley treated the plaintiff. Dr. Moseley diagnosed him with Post-Traumatic Stress Disorder, dysthymia, chronic pain disorder, narcissistic personality disorder, chronic fatigue syndrome, fibromyalgia, chronic migraine headaches, hepatitis, major depression and anxiety. Dr. Moseley and the plaintiff's other treating physicians opined that the plaintiff was disabled from gainful employment due to a combination of these severe physical and mental impairments.

In her Report, the Magistrate Judge concludes that the ALJ lacked substantial evidence to reject Dr. Moseley's opinion as non-controlling. The Magistrate also notes that the ALJ has not cited sufficient evidence to reject the concurrence of plaintiff's treating physicians that the plaintiff is markedly limited in his functioning.

The plaintiff died before the first hearing before the ALJ. At that hearing, the ALJ concluded that the plaintiff's subjective complaints were not fully credible due to evidence of the plaintiff abusing drugs. The Magistrate Judge finds that the ALJ did not properly apply the two-step process of evaluating subjective complaints outlined in *Craig v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996).

As to the ALJ's consideration of the mental requirements of the plaintiff's ability to perform any kind of work on a sustained basis, the Magistrate Judge suggests that the ALJ properly considered and explained his conclusions and that there was no error here.

In the Report, the Magistrate Judge concludes that there is substantial evidence on the

6

record to show that the plaintiff was disabled and that a remand for further proceedings would serve no useful purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). Thus, the Magistrate Judge opines that the Commissioner should award DIB benefits to the plaintiff.

## CONCLUSION

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts and correct conclusions of law. The Magistrate Judge's findings are specifically incorporated herein by reference.

Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § § 405(g) and 1383(c)(3) and is remanded to the Commissioner to take appropriate action regarding an award of DIB benefits to the plaintiff based on disability alleged to have commenced on November 15, 2000 and continuing through July 22, 2004.

IT IS SO ORDERED.

March 3, 2009                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge